UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRA J. GRANT, | Civil Action No. |
| Plaintiff, | 16-5164 (SDW) (LDW) |
| v. | |
| UMDNJ-UCHC – RUTGERS UNIVERSITY and UMDNJ-UNIVERSITY CORRECTIONAL HEALTHCARE, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff *pro se* Kra J. Grant's motion pursuant to 28 U.S.C. § 1447(c) to remand this action to the Superior Court of New Jersey, Law Division, Union County.  (ECF No. 4).  United States District Judge Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation.  Having considered the parties' submissions, for the reasons set forth herein, and for good cause shown, this Court recommends that the motion to remand be **DENIED.**[1]

I.      **BACKGROUND**

Plaintiff commenced this action in the Superior Court of New Jersey, Law Division, Union County, on August 31, 2015.  (Compl., ECF No. 1-1).  The two-page Complaint alleged that

---

[1]  The undersigned has issued this Report and Recommendation without oral argument, pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

Plaintiff's former employer, defendants UMDNJ-UCHC – Rutgers University and UMDNJ-Universal Correctional Healthcare,[2] terminated his employment in violation of the New Jersey Family Leave Act ("the FLA"). (*Id.*). The Complaint also mentioned that Defendants terminated Plaintiff's employment shortly after he was diagnosed with type 2 diabetes. (*Id.*).

Plaintiff later served an Amended Complaint, dated July 22, 2016.[3] (Am. Compl., ECF No. 1-4). The Amended Complaint began with substantively similar allegations of termination in violation of the FLA. (*Id.*). It again stated that Plaintiff's termination shortly followed his diabetes diagnosis, but added an allegation that Defendants "denied a reasonable accom[m]odation under the American Disability Act ADA; November 14, 2012." (*Id.*). Below this, the Amended Complaint listed "ADA" among other alleged statutory bases for recovery. (*Id.*).

On August 24, 2016, Defendants removed the action to this Court on federal-question grounds, under 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1). Defendants premised the removal on the fact that the Amended Complaint asserted claims "arising under the Constitution, laws, or treaties of the United States, specifically the ADA." (*Id.*).

---

[2] Defendants explain, in their notice of removal, that the true party in interest is Rutgers, the State University of New Jersey, which assumed all legal obligations of the University of Medicine and Dentistry of New Jersey ("UMDNJ") and University Correctional Health Care ("UCHC") pursuant to the New Jersey Medical and Health Sciences Education Restructuring Act, N.J. Stat. Ann. § 18A:64M-1 *et seq.* (ECF No. 1 at 2, n.1).

[3] The notice of removal explains that, although Plaintiff only served the Amended Complaint on Defendants and did not file it with the Superior Court, the Honorable James P. Wilson deemed the Amended Complaint as served and filed, with an August 1, 2016 service date. (ECF No. 1 at 3). Plaintiff has not disputed this characterization of the underlying events.

## II.    LEGAL ANALYSIS

Plaintiff now moves to remand the action to the New Jersey Superior Court, pursuant to 28 U.S.C. § 1447(c).  (ECF No. 4).  In his supporting papers, Plaintiff provides a more detailed account of the underlying facts:  that he took leave from his job as a nurse in September 2012 to care for his dying mother; that his supervisor told him to return to work or apply for an extension of leave by November 8, 2012; that he returned to work on November 11, 2012, but was sick, having recently been hospitalized for newly diagnosed type 2 diabetes; that two requests to extend his leave were denied and he was compelled to return to work; that Plaintiff was suspended from work for three days following his filing of a union grievance regarding the situation; and that Plaintiff's employment was subsequently terminated.  (*Id.*).  Plaintiff makes arguments as to the impropriety of his termination under various statutes and rules.  (*Id.*).  He does not address his mention of the Americans with Disabilities Act ("ADA") in his Amended Complaint, but asks the Court to remand the action on the basis that he did not claim damages of over $75,000 and as "remand is appropriate where there is no basis for the federal Courts to exercise jurisdiction for state laws for when a claim is cited under the New Jersey statutes." (*Id.*).

In opposition to Plaintiff's motion, Defendants contend that removal was proper given Plaintiff's explicit invocation of the ADA in his Amended Complaint.  (ECF No. 6).  Defendants argue that if Plaintiff wants to withdraw his ADA claim he must do so in accordance with the terms of Federal Rule of Civil Procedure 41.[4]  (*Id.*).

---

[4] Defendants request that any withdrawal by Plaintiff of his ADA claim result in a dismissal *with prejudice* in order to avoid later resurrection of that theory of liability.  (ECF No. 6).  As Plaintiff has taken no action to withdraw his ADA claim, the Court sees no reason to address Defendants' concern at this time.

The applicable removal statute permits remand of a removed action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Federal courts have, per statute, "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the "well-pleaded complaint rule," a plaintiff is considered master of the complaint and a Court typically decides whether a claim "arises under" federal law by examining the allegations in the Complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987); *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 678–79 (3d Cir. 2000); *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir. 1997).

Plaintiff's Amended Complaint explicitly lists the ADA as a basis for recovery in conjunction with his diabetes diagnosis, alleging, "My employer denied a reasonable accom[m]odation under the American Disability Act ADA." (ECF No. 1-4). The Americans with Disabilities Act of 1990 undoubtedly is a law of the United States, codified as amended at 42 U.S.C. § 12101 *et seq.* There is nothing that seems to preclude the symptoms of type 2 diabetes from underlying an ADA claim. *See Castellani v. Bucks Cnty. Mun.*, 351 F. App'x 774, 777 (3d Cir. 2009) ("For purposes of this appeal, we will assume that Castellani is disabled from Type II diabetes . . . ."); *see also Mercer v. SEPTA*, 608 F. App'x 60, 61 (3d Cir. 2015) ("Mercer has diabetes, high blood pressure, and high cholesterol, and is indisputedly 'disabled' within the meaning of the ADA."). Accordingly, the Court fairly reads the Amended Complaint as asserting a claim against Defendants for violation of the ADA, especially given the liberal construction prescribed for interpretation of claims by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As Plaintiff's Amended Complaint asserts a claim under a law of the United States, this

4

Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331, regardless of the amount in dispute.

### III.    CONCLUSION

For the reasons stated above, this Court respectfully recommends that the motion to remand this action to the Superior Court of New Jersey, Law Division, Union County, be **DENIED**.

Dated:  November 1, 2016

_Leda Dunn Wettre_
**Leda Dunn Wettre**
**United States Magistrate Judge**

Original:      Clerk of the Court
      cc:      Hon. Susan D. Wigenton, U.S.D.J.
               All Parties